**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WENDY J. DESPEIGNES, | ) |
| Plaintiff, | ) |
| | ) 3:15-cv-00596-RCJ-VPC |
| v. | ) |
| DEPUTY FIGUEROA, et al., | ) **ORDER** |
| Defendants. | ) |

**I.   DISCUSSION**

On May 17, 2016, the Court issued a screening order granting Plaintiff's application to file *in forma pauperis* (ECF No. 1), dismissing Plaintiff's First Amendment claim (Count II) and Plaintiff's due process claim (Count III) without prejudice, and permitting Plaintiff's Eighth Amendment excessive force claim (Count I) to proceed against deputy Figueroa and deputy Salcido. (ECF No. 4 at 8:19-24).

The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his complaint as noted in the screening order. (*Id.* at 8:25-27). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's Eighth Amendment excessive force claim against defendants deputy Figueroa and deputy Salcido. (*Id.* at 9:5-7). The thirty-day period has now expired, and Plaintiff has not filed an amended complaint.

Pursuant to the screening order, this action shall proceed on Plaintiff's Eighth

Amendment excessive force claim against defendants deputy Figueroa and deputy Salcido.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the screening order (ECF No. 4), this action shall proceed on Plaintiff's Eighth Amendment excessive force claim against defendants deputy Figueroa and deputy Salcido.

IT IS FURTHER ORDERED that Plaintiff's First Amendment claim (Count II) is dismissed.

IT IS FURTHER ORDERED that Plaintiff's due process claim (Count III) is dismissed.

IT IS FURTHER ORDERED that deputy Kester, deputy Breitmeyer, and Sergeant Palmer are dismissed.

IT IS FURTHER ORDERED that the Clerk of Court **SHALL ISSUE** summonses for defendants deputy Figueroa and deputy Salcido, **AND DELIVER THE SAME**, along with the complaint (ECF No. 5), to the U.S. Marshal for service. The Clerk also **SHALL SEND** to Plaintiff two USM-285 forms, one copy of the complaint and a copy of this order. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed

1 | with the clerk, and any paper received by a district judge, magistrate judge or the clerk which
2 | fails to include a certificate of service.

   DATED: This _18_ day of July, 2016.

   _____
   United States District Judge